# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **TYKEEM FREEMAN,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 1:19-00708** |
| | )   **(Criminal No. 1:18-00136)** |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[1] (Document No. 76.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 78.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    Criminal Action No. 1:18-00136:**

On October 4, 2018, Movant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in the Indictment. (Criminal Action No. 1:18-00136, Document Nos. 41 - 43.) A Presentence Investigation Report was prepared. (Id., Document No. 52.) The District Court determined that Movant had a Base Offense Level of 24, and a Total Offense Level of 21, the Court having applied a three-level

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., Document Nos. 67 and 73.) The District Court sentenced Movant on March 7, 2019, to serve a 70-month term of imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 64 and 68.) The District Court also imposed a $100 special assessment. (Id.) Movant did not file a direct appeal to the Fourth Circuit Court of Appeals.

**B.**     **Section 2255 Motion:**

On September 30, 2019, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Affidavit in Support. (Civil No. 1:19-00708, Document Nos. 76 and 77.) As grounds for *habeas* relief, Movant challenges the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id., Document No. 76.) As relief, Movant requests that Court "dismiss [the] Indictment and release [him] without any further opposition." (Id.)

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion

2

collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

As grounds for *habeas* relief, Movant challenges the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, ___ U.S. ___, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019). (Id., Document No. 76.) Movant explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Movant argues that "he never knowingly possessed the firearm in question, and he never was aware that he fell within the relevant status of a prohibited person." (Id.) In light of the foregoing, Movant argues that his "due process rights under the Fifth Amendment were infringed upon because he was never adequately given notice of the elements of the offense." (Id.) In his Affidavit in Support, Movant states as follows: (1) "I did not knowingly possess the firearm in question;" (2) "I did not knowingly possess said firearm knowing that I was a prohibited person, or fell within the relevant status;" and (3) "I was never previously informed by any officer of the court, state, or federal, that my prior conduct would place me in the category as a prohibited person." (Id., Document No. 77.)

It is undisputed that Movant did not file a direct appeal asserting his Rehaif claim. The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could

have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

First, the undersigned will consider whether Movant can demonstrate "cause and prejudice" to overcome his procedural default of the Rehaif claim. Movant appears to allege he

4

can satisfy the cause prong because a Rehaif-type claim was a novel argument that was unavailable at the time of his direct appeal. This issue, however, has been thoroughly considered and rejected in this District. Specifically, the Honorable United States District Judge John T. Copenhaver, Jr. thoroughly considered and rejected the argument that the novelty of a Rehaif-type claim could constitute cause for the procedurally defaulted claim. Slocum v. United States, 2021 WL 3706681, * 8 - 9 (S.D.W.Va. Aug. 20, 2021)(J. Copenhaver). Specifically, District Judge Copenhaver stated that "[t]he Rehaif knowledge of status argument was not novel at the time of Movant's trial or direct appeal [in 2015], and no futility argument grounded in prior Fourth Circuit precedent will serve to establish cause under Bousley." Id.; also see Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'").

Due to Movant's *pro se* status, the undersigned construes Movant's Motion as arguing that counsel's ineffectiveness in failing to file an appeal asserting the Rehaif-type challenge demonstrates cause. A movant may establish cause by showing that defense counsel performed deficiently by failing to raise a particular claim. See Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The record, however, reveals that Rehaif was decided on June 21, 2019, which was more than eight months after Movant pled guilty (October 4, 2018) and more than three months after his sentencing (March 7, 2019). The controlling law in the Fourth Circuit at the time of Movant conviction and sentencing was that the United States did not have to prove that Movant was aware of his status as a convicted felon at the time he unlawfully possessed the firearm. Furthermore, the Rehaif decision came out of Florida, with the Eleventh Circuit having sustained the district court's position on the scope of knowledge as an element under 18 U.S.C. §

5

924(a)(which was the same rule applied by the Fourth Circuit). Furthermore, it is well established that "an attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996). Thus, counsel's alleged ineffectiveness does not demonstrate cause for Movant's procedural default. Accordingly, the undersigned finds that Movant has failed to demonstrate cause to excuse his procedural default.

Next, the undersigned will consider whether Movant can satisfy the prejudice prong based upon Rehaif. Movant appears to contend that he was prejudiced because he was not aware that the United States was required to prove he was aware of his status as a felon as an element of the Section 922(g) offense. Movant further complains that the United States did not prove this element. In Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. In Gary, the Fourth Circuit determined "that it is plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense." United States v. Gary, 954 F.3d 194 (4th Cir. 2020). In Gary, the defendant pled guilty to possession of a firearm and ammunition by a person convicted of a felony. Id. Gary appealed his conviction to the Fourth Circuit. Id. While Gary's appeal was pending, Rehaif was decided by the United States Supreme Court and Gary filed a letter pursuant to Rule 28(j) asserting that the recent decision in Rehaif was relevant to his appeal. Id. at 199. In considering Gary's appeal, the Fourth Circuit acknowledged that in Lockhart, the Fourth Circuit determined that the failure to properly advise Lockhart of his sentencing exposure under the Armed Career Criminal Act and the Rehaif error "in the aggregate" were sufficient to establish prejudice for purposes of plain error review. Id. at 199-200. Thus, the Fourth Circuit considered and determined that a standalone Rehaif error

6

satisfies plain error review because such an error was structural, which per se affects a defendant's substantial rights. Id. at 200-08. Reviewing Gary's plea challenge for plain error, the Fourth Circuit determined "that it is plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense." Id. at 202. Therefore, the Fourth Circuit vacated Gary's plea and conviction and remanded the case to the district court. Id. at 208. On January 8, 2021, the United States Supreme Court granted certiorari. United States v. Gary, ___ U.S. ___, 141 S.Ct. 974, 208 L.Ed.2d 510 (2021). On June 14, 2021, the Supreme Court reversed the Fourth Circuit's above judgment. Greer, et al. v. United States, ___ U.S. ___, 141 S.Ct. 2090, 210 L.Ed.2d 121 (2021). Specifically, the Supreme Court determined that Gary could not establish that the Rehaif error affected his "substantial rights" pursuant to Rule 52(b). Id. at 2096-97. The Supreme Court explained as follows:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020)(Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decisions to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

Id. at 2097. The Supreme Court concluded that Gary failed to carry his burden of showing that the Rehaif error affected his substantial rights because Gary had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty. Id. at 2097-98.

7

As District Judge Copenhaver stated in Slocum, the Supreme Court's decision in Greer is instructive on the prejudice issue. Slocum, 2021 WL 3706681, at * 9. Although Greer involved the application of the plain error review, "it is well-established that the cause and prejudice standard for overcoming procedural defaults presents movants with a great burden than plain-error review." Id. at * 10(citing United States v. Frady, 456 U.S. 152, 166-68, 102 S.Ct. 1584, 1593-95, 71 L.Ed.2d 816 (1982)). Additionally, several other district courts within the Fourth Circuit have applied Greer when considering whether a Section 2255 movant could meet the prejudice prong for excusing procedural default. See United States v. Campbell, 2021 WL 3375721 (W.D.Va. Aug. 3, 2021); United States v. Sumter, 2021 WL 3173176 (D.S.C. July 27, 2021); United States v. Crawley, 2021 WL 2910724 (W.D.Va. July 12, 2021). Applying Greer, the undersigned finds that Movant cannot demonstrate that the Rehaif error resulted in prejudice. The Indictment charged, in pertinent part, as follows:

> 2. At the time defendant TYKEEM FREEMAN possessed the aforesaid firearm, he had been convicted of the following crime, which was punishable by a term of imprisonment exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about November 28, 2016, in the Circuit Court of Tazewell County, Virginia, of distribution of marijuana or to possess marijuana with the intent to distribute or sell, more than one-half ounce but less than five pounds, in violation of Virginia Code § 18.2-248.1.

(Criminal Action No. 1:18-00136, Document No. 2, p. 6.) Although Movant has filed an Affidavit stating he did not "possess said firearm knowing that [he] was a prohibited person," Movant's Plea Agreement include a Stipulation of Facts to the contrary. (Id., Document Nos. 43 and 77.) In the Stipulation of Facts, Movant admitted to possessing a firearm after being convicted of a prior felony conviction. (Id., Document No. 43, pp. 9 - 10.) Specifically, the Movant admitted, in pertinent part, the following:

> On April 19, 2018, agents with the Southern Regional Drug and Violent Crime Task Forse and the ATF executed a search warrant at my house in Bluefield. I was living in this house with my brother, Tyquon Freeman. . . . . During the execution of the search warrant, agents found marijuana and three firearms in the house. The guns were a CBC, Model 715T, .22 caliber rifle, a Taurus PT111 G2 9mm semi-automatic pistol, and a Ruger, LCP .380 semi-automatic pistol. I had the Ruger, LCP .380 semi-automatic pistol in my possession when the police came into the house with the search warrant. ***I attempted to hide his pistol from the officers, because I <u>knew</u> that I'm not allowed to possess a gun because I'm a convicted felon and currently on Parole, having been convicted of a drug-related felony in Tazewell County, Virginia, in 2016.***

(Id., p. 9)(emphasis added). During the Plea Hearing, Movant affirmed that he signed the above "Stipulation of Facts." The Fourth Circuit has recognized that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. See <u>Fields v. Attorney General of Maryland</u>, 956 F.2d 1290, 1299 (4th Cir. 1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), <u>cert. denied</u>, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d. 176 (1992); <u>DeFusco</u>, 949 F.2d at 119(A defendant's statements at the plea hearing are strong evidence of the voluntariness of the plea agreement), <u>cert. denied</u>, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d. 412 (1992). The undersigned finds that Movant's Affidavit (Document No. 77) is vague, self-serving, and contrary to sworn statements made during his Rule 11 colloquy. Thus, the undersigned finds that the evidence does not corroborate Movant's claim that he "did not knowingly possess said firearm knowing that [he] was a prohibited person." See <u>Strong v. Johnson</u>, 495 F.3d 134, 139 (4th Cir. 2007)("Choosing between conflicting affidavits without a hearing may be reasonable when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit

9

sets out a detailed account of events."); United States v. Perez, 393 F.3d 457, 464 (4th Cir. 2004)(a court may discount "unsupported, conclusory statements" in an affidavit); United States v. Barsanti, 943 F.2d 428, 440 (4th Cir. 1991)(although a district court has before it conflicting affidavits, no evidentiary hearing is required where such would add nothing to the proceedings); Dryer v. United States, 2016 WL 1019438, * 6 (S.D.W.Va. Feb. 19, 2016)("Holding an evidentiary hearing in those cases merely for the sake of holding an evidentiary hearing would squander scarce judicial resources that may be better utilized elsewhere."); also see United States v. Santana, 263 Fed.Appx. 334, 335 (4th Cir. 2008)("[I]t is not per se error for a district court to make credibility determinations on the basis of conflicting affidavits . . .") Accordingly, the undersigned finds that the record clearly indicates that Movant knew of his felon status at the time he possessed the firearm described in the Indictment. Thus, Movant has not demonstrated cause or prejudice to excuse his procedural default.

Finally, the undersigned will consider whether Movant can establish actual innocence to overcome his procedural default. As explained above, "actual innocence means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 624, 118 S.Ct. at 1611; also see Mikalajunas, 186 F.3d at 494. Movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327-28, 115 S.Ct. at 851. The undersigned finds that Movant has failed to assert any new evidence proving his innocence. Movant merely contends that he is innocent based upon Rehaif. Rehaif would have required the United States to prove Movant knew he was a convicted felon on April 19, 2018 (the date in the Indictment wherein it is asserted that Movant possessed a firearm). As set forth above, Movant's Indictment set forth Movant's prior felony conviction and Movant's Plea Agreement contained Stipulation of Facts where

10

Movant admitted he knew that he was "not allowed to possess a gun because [he is] a convicted felon." (Criminal Action No. 1:18-00136, Document No. 43, p. 9.) The undersigned finds there is absolutely no indication in the record that Movant is factually innocent of his Section 922(g) conviction. Accordingly, Movant fails to establish actual innocence to overcome his procedural default.

Based upon the foregoing, the undersigned finds that Movant cannot overcome the procedural default of his Rehaif claim because he has failed to demonstrate "cause and prejudice" or actual innocence. The undersigned respectfully recommends that Movant's Section 2255 Movant be denied.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 76) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is

made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L.Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: September 30, 2022.

Omar J. Aboulhosn
United States Magistrate Judge